**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

EARNESTINE HARDIN,

    Plaintiff,

  v.

MERCK & CO., INC., *et al.*,

    Defendants.

No. C 07-0070 SBA

**ORDER**

[Docket Nos. 6, 10, 11, 13]

Before the Court are defendants Merck & Co., Inc., McKesson Corp., AmerisourceBergen Drug Corp., and various unnamed Doe defendants' (collectively "Merck") motion to stay all proceedings pending a decision on transfer by the judicial panel on multidistrict litigation [Docket Nos. 6, 11], and plaintiff Earnestine Hardin's motion to remand [Docket Nos 10, 13]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the Court GRANTS Merck's motion to stay and DENIES Hardin's motion to remand without prejudice.

**BACKGROUND**

On September 21, 2006, plaintiff Hardin commenced this action in the Los Angeles County Superior Court for the State of California, against Merck & Co., Inc., McKesson Corp., AmerisourceBergen Drug Corp., and unnamed Does. Hardin seeks damages based on her assertion that her spouse, Fred Hardin, injested Vioxx, a drug manufactured by Merck, and sustained personal injuries as a result. *See* Docket No. 1, Ex. A. On January 5, 2007, Merck removed the action to this Court on the basis of diversity jurisdiction.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation (JPMDL) issued a transfer order establishing MDL Proceeding number 1657. This proceeding has been established to coordinate all federal product liability action involving Vioxx. *See In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). Since that time, well over 5,700 Vioxx-related cases have been transferred

1 to the Eastern District of Louisiana and are being heard by the Honorable Eldon D. Fallon.

2 Merck included the present case in a "tag-along" letter to the JPMDL requesting that this action be included with the Vioxx MDL. On February 1, 2007, the JPMDL issued a Conditional Transfer Order conditionally transferring this action to the Vioxx MDL in the Eastern District of Louisiana. *See* Docket No. 19, Ex. C. This order states that

> [p]ursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions [including the case at bar] are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of February 16, 2005, and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

*Id*.

Now before the Court is Hardin's motion to remand this case back to state court and Merck's motion to stay the action pending its transfer to the MDL proceedings before Judge Fallon. Hardin contends that removal of this action was improper because there is not complete diversity of citizenship. Both Hardin and defendant McKesson Corporation are citizens of California. Hardin also suggests that defendant AmerisourceBergen Drug Corporation has substantial ties to California. Merck's position is that McKesson and AmerisourceBergen are joined as defendants in a fraudulent attempt to avert federal jurisdiction, and that this is a litigation tactic that is being frequently employed in Vioxx cases. In any event, Merck argues that the Court should defer ruling on the motion for remand so that the MDL court can resolve this recurring jurisdictional issue in a coordinated and consistent fashion with the numerous other Vioxx cases. It relates that there are currently more than 45 cases from California in the Vioxx MDL proceeding raising this identical jurisdictional issue---the alleged fraudulent joined of non-diverse defendants such as McKesson.

### LEGAL STANDARDS

The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within the Court's discretion. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *Conroy v. Fresh Del Monte Produce, Inc*., 325 F. Supp. 2d 1049, 1053 (N.D. Cal.

2004); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *see also* Rules of the Judicial Panel on MDL, Rule 1.5, 199 F.R.D. 425, 427 (J.P.M.L. 2001) ("The pendency of a motion . . . before the Panel concerning transfer . . . of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court").

Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system. *See* 28 U.S.C. § 1407; *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-62 (C.D. Cal.1997) (staying action pending transfer decision by MDL panel after finding that judicial resources would be conserved and defendant would not be prejudiced). If a jurisdictional issue of a motion to remand is similar or identical to those in cases transferred or likely to be transferred to the MDL transferee court, the court should stay the action. *See Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 718 (E.D. Tex. 2002); *Board of Trustees of Teachers' Retirement Sys, of State of Illinois v. Worldcom, Inc.*, 244 F.Supp. 2d 900, 905 (N.D. Ill. 2002); *Knearem v. Bayer Corp.*, 2002 WL 1173551, at *1 (D. Kan. 2002) ("judicial economy is best served by staying this litigation pending a resolution of the conditional order to transfer. Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings. [The transferee judge] can decide for all cases . . . whether the jurisdictional requirements are met."); *Jackson ex. rel. Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067, at *6 (W.D. Tenn. 2001) ("The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel").

**ANALYSIS**

As Merck suggests, the precise issue of the alleged fraudulent joinder of McKesson as a defendant is a recurring issue. This Court offered the following explanation a little over a year ago:

> Defendants' basis for removal to this court is that the McKesson defendants, whose presence in this lawsuit destroys complete diversity, are fraudulently joined. See Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (Illston, J.). According to defendants assertions, which plaintiff does not dispute, there are

>presently more than 25 California cases that involve precisely the same fraudulent joinder of the McKesson defendants already pending before the MDL judge. Due to the similarity of the issues presented, this action was included in the MDL Panel's August 24, 2005 Conditional Transfer Order. In light of the number of cases presenting issues similar to this action and the need for judicial consistency with respect to those cases, this court finds that the interest of judicial economy favors staying this action pending its transfer to MDL Proceeding No. 1657.

*Johnson v. Merck & Co, Inc., et al.*, Case Number 05-2881-MHP (N.D. Cal. December 3, 2005) (Docket No. 19, Ex. A).

Since this issue was ordered in late 2005, defendant Merck contends that there are now almost twice as many cases originating from California presenting the issue of the alleged fraudulent joinder of McKesson and Amerisource that are before Judge Fallon. Hardin does not dispute this.

Hardin presents no compelling reason for diverging from the course set by numerous courts in staying the proceedings in Vioxx cases, including any pending motion for remand, for transfer to the MDL court in the Eastern District of Louisiana. Hardin's contention is that a California-based court will be in a better position to determine the issue of fraudulent joinder than a court in the Eastern District of Louisiana. However, given that Judge Fallon apparently has fifty or so other cases where the fraudulent joinder of McKesson and/or Amerisource as defendants is at issue, Judge Fallon undoubtedly possesses great familiarity with the facts and precise legal issues involved. Moreover, the policy of consistent rulings favors allowing that court to decide the remand issue of whether McKesson and Amerisource were fraudulently joined. To do otherwise invites divergent results on identical law and facts.

Finally, Merck has presented four transfer orders issued by the JPMDL in the Vioxx cases where that panel has declared that "Any pending motions to remand to state court can be presented to and decided by the transferee judge." *See* Docket No. 7, Exs. B through E. Thus, the JPMDL has expressed a preference for pending remand motions to be decided by the MDL court. Hardin has not presented a persuasive showing why this policy should not be followed here.

**CONCLUSION**

4

Accordingly, Merck's motion to stay all proceedings pending a decision on transfer by the judicial panel on multidistrict litigation [Docket Nos. 6, 11] is GRANTED and plaintiff Earnestine Hardin's motion to remand [Docket Nos 10, 13] is DENIED without prejudice to being reurged before the MDL court.

It is further ORDERED that the parties will file joint status reports every 120 days from the date of the stay apprising the Court of the status of this action.

It is further ORDERED that a case management conference is set for December 5, 2007, at 3:30 PM, via telephone. The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten days prior to the case management conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

April 4, 2007

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge